IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES ROBERT WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 107-006 |
| | ) |
| GREG LEOPARD, Attorney, et. al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants defense attorneys Greg Leopard and Rodney Quesenberry; the Honorable J. Carlisle Overstreet, Superior Court Judge; and Assistant District Attorney Inga Hicks. In his complaint, Plaintiff argues that Defendants violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc. no. 1, "The Petition," p. 1). Specifically, he alleges that in August 2006, he was charged with felony theft by taking and felony theft by deception under Georgia state law. (Id. at 2). In December 2006, Plaintiff was convicted, and Judge Overstreet sentenced him to two years' imprisonment. (Id.). Plaintiff claims that he owned a business that salvaged "junk" - namely old stoves, washers, dryers, etc. - from homes and business. (Id. at 2-3). Plaintiff states that the charges for which he was convicted stemmed from a request by Joseph Lee Smalley, a man with whom Plaintiff had previously done business, asking Plaintiff to pick up "an old van and [an] old truck" that were located "in a field." (Id.). Because these vehicles appeared to be "junk," Plaintiff took them away. (Id.). Plaintiff states that he was later "informed that the vehicles were not legally obtained." (Id.).

During his criminal proceedings, Plaintiff states that Defendants Leopard and Quesenberry did not file any pre-trial motions in his defense, did not adequately represent him in his criminal proceedings, and did not appear for Plaintiff's sentencing hearing. (Id. at 4-5). Plaintiff also claims that following the conclusion of his criminal proceedings, Defendants Leopard and Quesenberry refuse to accept Plaintiff's phone calls or letters. (Id. at 5). Plaintiff further claims that Defendant Hicks maliciously prosecuted his case, as she knew that the case

2

lacked the element of intent. (Id. at 4). Additionally, Plaintiff states that Judge Overstreet violated his rights by improperly weighing the evidence, convicting, and sentencing him, even though Defendant Hicks had not proven the intent element. (Id. at 5). Plaintiff asserts that the Judge also erred by allowing Defendants Leopard and Quesenberry to (1) proceed without filing any pre-trial motions, and (2) inadequately represent Plaintiff. (Id.). As relief, Plaintiff requests the Court "to [pursue] this criminal civil action case." (Doc. no. 1, p. 6). Plaintiff also requests that the Court appoint him an attorney. (Doc. no. 1, "The Petition," p. 6).

## II. DISCUSSION

### A. Relief Sought Is Not Properly Brought In § 1983 Action

Although it is unclear to the Court exactly what Plaintiff seeks as relief in this case, it appears that Plaintiff is seeking an order from this Court releasing him from jail because of the numerous constitutional violations that he alleges occurred in his criminal case. As such, Plaintiff appears to be challenging the legality of his criminal conviction in an action brought pursuant to § 1983, which is improper, and is apparently seeking relief that can only be obtained in a habeas corpus action. A writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core'

3

of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Thus, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state court remedies, and his petition would be subject to dismissal.

To the extent that Plaintiff is asking the Court to investigate his criminal and/or civil case, the Court's function in a § 1983 action is to rule on whether the named Defendants violated Plaintiff's statutory and constitutional rights, not to investigate Plaintiff's criminal or civil case. As a result, Plaintiff seeks relief in this case that the Court is not able to grant. Accordingly, Plaintiff's complaint should be **DISMISSED**.

## B.     Judge and Attorneys

Further, even if the Court were to consider the merits of Plaintiff's claims, Judge Overstreet would be entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Overstreet was dealing with Plaintiff in a judicial capacity and

whether the Judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64. Here, Plaintiff's complaints against Judge Overstreet appear to concern the judge's action or inaction as it relates to any pre-trial motions that allegedly should have been filed and the representation Plaintiff received. However, these issues relate to Judge Overstreet's judicial authority. As such, Judge Overstreet would be entitled to absolute immunity, and Plaintiff's claims against him would be subject to dismissal.

Likewise, Defendant Hicks is also entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes the initiation and pursuit of criminal prosecution." Id. The allegations against Defendant Hicks, an Assistant District Attorney, only pertain to her traditional duties as counsel for the government in Plaintiff's criminal case, and therefore, she would be entitled to absolute immunity. Accordingly, Plaintiff's claims against Defendant Hicks would be subject to dismissal.

Additionally, the complaint fails to state a claim against Defendants Leopard and Quesenberry. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Public defenders who have been appointed to represent criminal defendants do not act "under color of state law" when performing their duties. See Polk County v. Dodson, 454 U.S. 312, 317 n.4 (1981) (holding that public defenders do not act under color of state law "when

5

performing the traditional functions of counsel to a criminal defendant"); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*).[2] The allegations against Defendants Leopard and Quesenberry, Plaintiff's attorneys, only pertain to their traditional duties as counsel in Plaintiff's criminal case, and therefore, they were not acting under color of state law. Accordingly, Plaintiff's claims against Defendants Leopard and Quesenberry would be subject to dismissal.

## D. Appointment of Counsel

Plaintiff also requests that counsel be appointed on his behalf. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

This is ostensibly a § 1983 action in which Plaintiff has requested relief that can either be obtained only in a habeas corpus proceeding, or cannot otherwise be granted; thus,

---

[2] The Court notes that it is not entirely clear whether Defendants Leopard and Quesenberry were retained or court-appointed attorneys. Even if Plaintiff had retained these Defendants as his counsel in his criminal case, retained attorneys do not act "under color of state law" when performing their duties. See Polk County, 454 U.S. at 318-19 (noting that a defense lawyer advances the "undivided interests of his client," which is a private function "for which state office and authority are not needed"); Nelson v. Stratton, 469 F.2d 1155, 1155 (5th Cir. 1972) (*per curiam*) (holding that retained counsel does not act under color of state law).

6

Plaintiff's complaint is due to be dismissed. Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to clearly and succinctly communicate with the Court. Accordingly, Plaintiff's motion for the appointment of counsel should be denied. Should it become apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.[3]

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for the appointment of counsel be **DENIED**, that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of February, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Likewise, Plaintiff would also not be entitled to the appointment of counsel in a habeas corpus action. Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (noting that it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." (citations omitted)).