IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES ROBERT WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-006 |
| | ) | |
| GREG LEOPARD, Attorney, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] Although Plaintiff's objections are without merit, the Court will address the motion requesting access to the law library at the Charles B. Webster Detention Center that was filed along with those objections. (Doc. no. 13). In this motion, Plaintiff states that he has informed several jail officials of his desire to access the law library, but he has not received any response to his request. He claims that his inability to access the law library prevents him from properly pursuing the above-captioned case, and he requests that the Court step in to ensure access to the library.

---

[1] As filings from *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), the Court construes Plaintiff's "Motion to Seek Relief for Damages and Punitive Wages" (doc. no. 14), in which he attempts to discount the Magistrate Judge's analysis of his claims, as his objections to the Report and Recommendation. To the extent this document could be considered as a "motion" to reject the Report and Recommendation, it is **DENIED**.

First, the Court is loathe to interfere in the day-to-day operations of a detention facility or prison, as jail officials are best suited to anticipate operational problems and develop solutions to difficult problems in the administration of penal facilities. Lewis v. Casey, 518 U.S. 343, 361 (1996). Moreover, it does not appear that any restrictions on accessing the law library have interfered with Plaintiff's ability to communicate with this Court, as evidenced by his numerous filings.[2] Indeed, Plaintiff has had the opportunity to argue the basis for his claims, but as explained by the Magistrate Judge, the law does not support a finding that Plaintiff currently has any viable federal claims. Therefore, Plaintiff's motion requesting that the Court direct that he be granted access the law library is **DENIED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request for the appointment of counsel is **DENIED**, the complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action shall be **CLOSED**.

SO ORDERED this 14 day of March, 2007, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that to state a viable access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging a plaintiff's sentence or conditions of confinement. Lewis, 518 U.S. at 349-55; see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). As the Magistrate Judge explained, the proposed attack on Plaintiff's conviction must first be pursued in the state courts before seeking relief in federal court. Nothing in the record suggests that Plaintiff has attempted, let alone been denied the opportunity, to pursue his claims in the appropriate state court.